UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) WESLEY NEILL BLACK, DDS, PC, an Oklahoma Professional Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>1) HANOVER AMERICAN INSURANCE COMPANY, a foreign corporation, and<br>2) SDC CPAs, LLC, a foreign limited liability company,<br><br>  Defendants. | 4:20-cv-632-TCK-SH |

**OPINION AND ORDER**

Before the Court is the Motion of the Defendant, SDC CPAs, LLC ("SDC"), filed on October 6, 2021, to dismiss Plaintiff's Amended Complaint (Doc. 41). Plaintiff, Wesley Neill Black, DDS, PC ("Black") filed its Response on October 27, 2021 (Doc. 43), and SDC filed its Reply on November 10, 2021. (Doc. 44).

**I. Background**

Black operated a dental office in Tulsa County, Oklahoma, and employed an office manager who had allegedly engaged in extensive employee theft, misappropriation of funds, and fraud. ((Doc. 39), Amended Complaint, ¶¶9-10, pp. 2-3)). The employee's misconduct was discovered in December, 2017. *Id.*

The Defendant, Hanover American Insurance Company ("Hanover") issued a policy of insurance to Black ("Hanover Policy"); Black asserts a claim under the Hanover Policy for damages, including lost income, conversion of funds and assets, as well as other alleged expenses and costs. *Id*. at ¶¶5 & 12, pp. 2-3. Black alleges the Hanover Policy contains "additional property coverages and extensions," including coverage, for "Employee Theft, and

ERISA Compliance along with protection for various business interruptions and claims arising from the use or misuse of computers. *Id*. at ¶¶4, 8 & 20, pp. 2, 5. Black alleges it reported this claim to Hanover on or about July 31, 2018, and also alleges that Hanover offered to make a payment during December, 2018. *Id.*

Black further alleges that "Defendant Hanover retained the services of Defendant SDC on or about February 18, 2019; . . . ." *Id.* at ¶18, p. 4. The earliest date Black alleges SDC played any role in the underlying events was in February, 2019.

Black relies upon a contractual relationship between SDC and Hanover as the basis for its allegations of duties owed by SDC to Black. The services SDC was to provide Hanover, as well as the terms and conditions under which those services were rendered, are integral to Black's claim against SDC. Accordingly, evidence of that contractual relationship may be submitted as an exhibit without converting the instant motion to dismiss into one for summary judgment. *Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir., 2014); *Fitzgerald v. U.S. Bank*, 537 Fed.Appx. 811, 812 (10th Cir., 2013).

Pursuant to these authorities, SDC submitted its Engagement Letter with Hanover, which states that SDC "will conduct this engagement in accordance with statements on standards on consulting services established by the American Institute of Certified Public Accounts" ("AICPA"). SDC's Exhibit 1 (Doc. 20-1), Engagement Letter, May 2, 2019, pp. 1-2. SDC contends that according to these standards, "SDC provided Consulting Services only to Hanover; SDC did not undertake to interpret or to apply the terms of the Hanover Policy to Black's claim and SDC did not intend for its services to benefit Black. The terms of SDC's Engagement Letter to Hanover, incorporating the AICPA, establish that SDC did not owe, and could not breach, a duty to Black." (Doc. 41).

As stated in SDC's Engagement Letter with Hanover, SDC provided only "consulting services." (Doc. 20-1). Although SDC did agree "to quantify and investigate the claim" submitted by Plaintiff to Hanover, SDC stated its report was intended for the use of no one but Hanover, and specifically disclaimed preparing a report which would "constitute an examination or attestation." *Id.*

SDC's Engagement Letter specifies limited, "agreed-upon procedures" SDC would perform for Hanover. Specifically the Engagement Letter states:

> SDC and Hanover … agree upon the procedures performed or to be performed by SDC, including, but not limited to [procedures such as] investigation, interviewing, fact gathering, examining, testing, calculation, analysis, compiling a report and providing documentation…The agreed-upon procedures listed above do not constitute an examination or attestation, the objective of which would be an opinion on the truth and fairness of the financial information provided for our investigation. Accordingly, we do not express such an opinion… Hanover Insurance Group is responsible for all claim related decisions. In addition, Hanover Insurance Group is responsible for evaluating the adequacy and results of the services performed.

SDC's Exhibit 1 (Doc. 20-1), Engagement Letter, May 2, 2019, pp. 1-2.

SDC listed the services and procedures it would perform, and limited the extent of its responsibilities pursuant to the agreed-upon procedures. SDC did not assume responsibility for interpreting Plaintiff's insurance policy with Hanover, or applying the provisions of that policy to Plaintiff's claim. Further, SDC did not reserve any coverage defenses on its own behalf, and specifically states that Hanover would make coverage decisions, and would determine whether any defenses to coverage under its policy applied. Plaintiff acknowledges that "SDC repeatedly made a reservation of rights assertion on behalf of Hanover in each correspondence sent to the insured." Plaintiff's Response, p. 11. The inclusion of these statements demonstrates that SDC

was involved to "assist" Hanover, and not to make coverage decisions. In particular, the reservation on behalf of Hanover indicates that nothing SDC did or said would constitute a waiver of rights by Hanover or a position on coverage reserved to Hanover.

As a matter of Oklahoma law, an insured may not pursue an action against a third party stranger to the insurance policy, even if the third party renders services to the insurer regarding the insured's claim for coverage. *Timmons v. Royal Globe Insurance Co.*, 653 P.2d 907 (Okla. 1982). The allegations in Plaintiff's Amended Complaint (Doc. 39) do not support a plausible inference that SDC was anything other than a third party stranger to the policy of insurance issued to Black by Hanover. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Accordingly, SDC's Motion to Dismiss Plaintiff's Amended Complaint is granted pursuant to Fed.R.Civ.P. 12(b)(6).

**IT IS SO ORDERED this 13th day of December, 2021.**

TERENCE C. KERN
United States District Judge